UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY F. REEVES,<br><br>           Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>           Defendant. | Case No. CV 10-259 PJW<br><br>MEMORANDUM OPINION AND ORDER |

I.

INTRODUCTION

Plaintiff appeals the decision of Defendant Social Security Administration (the "Agency"), denying her claim for Disability Insurance benefits ("DIB"). She contends that the Agency erred when it found that, though she was provided special accommodations at her work, she was nevertheless performing substantial gainful activity and was, therefore, not disabled. (Joint Stip. at 6-8.) Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act is not based on legal error and is supported by substantial evidence, it is affirmed.

II.

SUMMARY OF FACTS AND PROCEEDINGS

The Court set out the underlying facts in its previous decision in this case. *Reeves v. Astrue*, Case No. ED CV 05-888 PJW. In brief, in January 1972, Plaintiff suffered severe injuries to her head, arm, legs, and feet in a car accident. (Administrative Record ("AR") 95.) As a result, she was forced to have both legs amputated and is wheelchair-bound. (AR 41, 92, 103.) In September 1972, the Agency determined that she was disabled and entitled to disability insurance benefits. After Plaintiff informed the Agency in 1997 that she had worked part-time at the Veterans Affairs Hospital in San Diego (the "VA") as a secretary, clerk, and typist between 1991 and 1997, however, the Agency determined that she was no longer disabled as of September 1991. (AR 467-69.)

On March 6, 2002, Plaintiff filed a new application for DIB, alleging disability as of January 1972. (AR 59-61.) Although a state agency physician concluded that she had been disabled as of October 1997, the Agency found that she had been performing substantial gainful activity at the VA up until the time she left in October 1997, and that she was not eligible for DIB thereafter because she was not covered between 1991 and 1997, when she was working at the VA. (AR 43.)

Plaintiff appealed the Agency's decision and, on December 11, 2003, appeared at an administrative hearing. (AR 485-91.) In a February 23, 2005 decision, the Administrative Law Judge ("ALJ") found that her work was performed under special conditions and did not, therefore, constitute substantial gainful activity. (AR 29.) The ALJ thus concluded that she had remained covered for disability insurance

benefits. (AR 29, 31-32.) The Appeals Council reversed the ALJ's decision, finding that there was no evidence to support the ALJ's conclusion that Plaintiff's work was performed under special conditions. (AR 19.)

Plaintiff then filed suit in this court, arguing that the Appeals Council erred. This Court agreed and reversed the Appeals Council's decision, finding that there was some evidence that Plaintiff had been provided special accommodations at her workplace, evidence which might rebut the presumption that, despite her level of earnings, she was not really performing substantial gainful activity. (AR 520-29.) The Court remanded the case to the Agency for further consideration of the issue of whether Plaintiff had been working in a sheltered workplace. (AR 528-29.)

On November 21, 2008, the ALJ issued a new decision, finding that, although Plaintiff had performed her work under special conditions, the work nevertheless constituted substantial gainful employment and, thus, she was not disabled between September 1991 and October 1997. (AR 502-18.) Plaintiff appealed to the Appeals Council, which denied review. (AR 492-501.) She then commenced this action.

III.

ANALYSIS

Between 1991 and 1997, with rare exception, Plaintiff earned more than $500 a month at her job as a clerk/typist/secretary for a VA facility in San Diego. This created a presumption under the regulations that she had been engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)(B). Plaintiff argues that she performed this job under "special accommodations" and, therefore, under 20

3

C.F.R. § 404.1573(c), the presumption that she was engaged in substantial gainful activity was rebutted. (Joint Stip. at 6-8.) The Agency disagrees. It argues that evidence of special accommodations is only part of the inquiry and that, at bottom, the issue is whether Plaintiff "earned" the amount that she was being paid, relying on 20 C.F.R. § 404.1574(a)(1)-(3). (Joint Stip. at 9-13.) For the following reasons, the Court sides with the Agency.

A claimant who is "able to engage in substantial gainful activity" is not disabled. 20 C.F.R. § 404.1571. The framework for evaluating what constitutes substantial gainful activity is set out in 20 C.F.R. §§ 404.1571-76. The primary consideration in determining whether work constitutes substantial gainful activity is the earnings derived from it:

> We will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that shows that we should not count all of your earnings. . . . Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity.

20 C.F.R. § 404.1574(a)(1).

Thus, because earnings provide "an objective and feasible measurement of work," the Agency has used the earnings test as "the primary [substantial gainful activity] guide since 1958." See Social Security Ruling ("SSR") 83-33. However, the presumption created by the earnings test may be rebutted by, among other things, the quality of the worker's performance and any special working conditions that are created to accommodate the employee. *Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 293 (9th Cir. 1992); see 20 C.F.R.

§ 404.1573 ("If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity."). "Special conditions" include special assistance from other employees; the freedom to work irregular hours or take frequent rest periods; being provided with special equipment or assigned work suitable for the employee's impairment; and being permitted to work at a lower standard of productivity or efficiency than others. 20 C.F.R. § 404.1573(c).

Nevertheless, a finding of special conditions, alone, is not sufficient to rebut the presumption of substantial gainful activity. It is only where the special conditions amount to, in effect, a subsidy to the worker, i.e., where the worker is being paid a wage that is in excess of the wage she would be entitled to had her employer evaluated her work on an objective basis. 20 C.F.R. § 404.1574(a)(2); *see also Katz*, 972 F.2d at 293-94 (affirming ALJ's conclusion that claimant was engaged in substantial gainful activity where her work was worth the amount paid and where the modifications made for her were relatively minor); *Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (finding that claimant's work did not constitute substantial gainful activity where his productivity was "less than one-half that of a typical nonimpaired person"); and *Nazarro v. Callahan*, 978 F.Supp. 452, 460 (W.D.N.Y. 1997) ("[W]here work is done under special conditions, we only consider the part of your pay which you actually *earn*.") (emphasis in original).

Applying these principles to the case at bar, the Court concludes that the Agency did not err when it concluded that Plaintiff's job at the VA amounted to substantial gainful activity despite the fact that

her employer made accommodations to allow her to work. The accommodations were minimal and Plaintiff earned her wages. (AR 431-32, 453.) Thus, her work was properly considered substantial gainful activity despite these accommodations. See *Nazarro*, 978 F.Supp. at 460.[1]

V.

CONCLUSION

For these reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: September 9, 2011.

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\REEVES, M 259\Memo Opinion.wpd

---

[1] The Court has considered Plaintiff's argument that the ALJ failed to properly address evidence from vocational expert Jane Haile (Joint Stip. at 8) and finds no merit to this argument. The ALJ did discuss this evidence in his decision and was not required under the regulations or the law to do anything beyond that. Further, Haile's opinion does not establish that Plaintiff was not earning her pay at the VA. (AR 592-601.) Finally, though the ALJ found that the Court had "precluded [him] from considering the issue of subsidy on remand," which has no basis, Plaintiff is not challenging the fact that her work was not subsidized. (Joint Stip. at 16 ("The fact that . . . her colleagues expressed that Plaintiff's work was worth the amount paid and that she was considered a 'very valuable employee' (AR 510-11), does not negate a finding that Plaintiff was able to work in 1991-1997 only because of special accommodations provided by the employer . . . .") Rather, her argument is that special accommodations alone take a job out of the realm of substantial gainful activity. For the reasons explained above, the Court disagrees.